

**FILED**

MAR 2 8 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE HUFFMAN, et al.,                              CASE NO. CV-F-07-1369 LJO SMS

    Plaintiffs,                        **ORDER ON PRELIMINARY APPROVAL**
  vs.                                        **OF CLASS ACTION SETTLEMENT**

ZWICKER & ASSOCIATES, P.C.,

    Defendant.
_____/

Pursuant to the Joint Notice of Motion filed on March 12, 2008, the parties in this class action have reached a proposed settlement and seek preliminary approval of the proposed Class Action Settlement Agreement and the Notice of Class Action Settlement. The motion came on for hearing on March 27, 2008 at 8:30 a.m. in Courtroom 4 of this Court. Plaintiffs, individually and on behalf of all others similarly situated (collectively "plaintiffs"), appeared by telephone by counsel Robert E. Schroth Sr., of Schroth & Schroth. Defendant Zwicker & Associates, P.C. appeared by telephone by counsel Manuel Newburger, of Barron, Newburger, Sinsley and Wier. Having considered the Motion and supporting papers, the Agreement and the Exhibits attached thereto, the Court issues the following Orders:

1. This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") and all terms defined therein shall have the same meaning in this Order as set forth therein. The Agreement is attached hereto as Exhibit A.

2. The Court hereby preliminarily approves the attached Agreement. The Court

1

preliminarily finds that the Class members meet the requirements for class certification under F.R.C.P. 23. The Court further preliminarily finds that the Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation. It further appears that counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action. Additionally, it appears that the proposed Stipulation was reached as a result of intensive, non-collusive, arms-length negotiations.

3. A hearing ("Fairness Hearing") shall be held before this Court on June 24, 2008 at 8:15 a.m. in Courtroom 4 in the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Action on the terms and conditions provided is fair, adequate, and reasonable, and should be finally approved by the Court; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the settlement should be approved as fair, adequate, and reasonable to the Class Members; whether the Court should finally approve a statutory enhancement payment for Mr. Bruce Huffman and Mr. Sygmund N. Williams and the amount of attorney fees and costs to be awarded Class Counsel, Robert E. Schroth Sr. and Robert E. Schroth Jr., of Schroth & Schroth.

4. The Court hereby approves, as to form and content, the proposed "Notice of Class Action" ("Notice;" attached to hereto as Exhibit "B"). The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Agreement meets the requirement of due process under Federal Rule of Civil Procedure 23(e); and that such Notice is the best practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that in light of the size of the class, the limitations on Defendant's liability set forth in 15 U.S.C. § 1692k and that even the maximum statutory penalty would yield pennies to each class member, that publication notice is an appropriate method of giving notice to the Class of the terms of the settlement and their right to object. The Court also finds that the proposed form of notice is adequate and

2

1 will give all Class Members sufficient information to enable them to make informed decisions as to the

2 class, the right to object and the proposed settlement and its terms.

3    5.    For purposes of effectuating this settlement, the Court preliminarily certifies the

4 following settlement Class:

5        "all individuals in the United States, Puerto Rico, and Guam who, during

6        the Class Period:

7            a. received a telephone voice message from Defendant;

8            b. in which Defendant did not give the notice provided for in 15

9                U.S.C. § 1692e(11)."

10 The Class Period runs from September 20, 2006, through the date of this order.

11    6.    For purposes of effectuating this settlement, the Court hereby appoints Plaintiffs Bruce

12 Huffman and Sygmund N. Williams as the class representatives for the settlement Class, and the

13 following attorneys are appointed as Class Counsel:

14                Robert E. Schroth Sr.
                Robert E. Schroth Jr.
15                Schroth & Schroth
                2044 First Avenue, Suite 200
16                San Diego, CA 92101-2079
                Telephone: (619) 233-7521
17

18    7.    Class Notice, the form of which is attached hereto as Exhibit B, shall be given by

19 Defendant or its designated claim administrator to the settlement Class by causing the notice to be

20 published in a newspaper or magazine with a national distribution. Such publication shall take place no

21 later than 30 days from entry of this Order.

22    8.    No member of the Class, or any other person, shall be heard at the Fairness Hearing in

23 opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses

24 or the proposed Class Representatives' award unless not later than 5:00 p.m. on June 12, 2008,which

25 is seventy-five (75) days from the date of this order, such Class Member or other person files with the

26 Clerk of the Court and serves upon counsel listed below an objection containing, at a minimum, the

27 following information: (I) a statement of each objection being made, which shall contain a detailed

28 description of the facts underlying each objection and a detailed description of the legal authorities

3

underlying such objection; (ii) a statement of whether the objector intends to appear at the Fairness Hearing; (iii) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and (iv) a list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

9.    Class Members, or any other persons objecting to the proposed settlement, shall file any such notices and objections with the Court and serve their notice of objections upon Class Counsel and counsel for Defendant no later than June 12, 2008. Class Members, or any other person, who fail to properly or timely file their notices and objections with the Court, or fail to timely serve such notices and objections on Class Counsel and Counsel for Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and Counsel for Defendant by certified mail, hand-delivery, or facsimile transmission. Counsel for Defendant is Manuel Newburger, Barron, Newburger, Sinsley and Wier, 1212 Guadalupe, Suite 102, Austin, TX 78701 and Raymond Lee, Zwicker & Associates, 199 South Los Robles Ave., Suite # 410, Pasadena, CA 91101.   No objection shall be heard by the Court which does not comply with these requirements, which is not timely filed with the Court, or which is not timely served on listed counsel.

10.    Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use of telephone voice messages that do not include the notice provided for by 15 U.S.C. § 1692e(11).

/////

/////

/////

/////

/////

/////

4

1    11.    This Order shall not be construed or deemed to be a finding of this Court or evidence of

2  a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability,

3  fault, or wrongdoing by Defendant; (2) the appropriateness of any measure of alleged loss or damages;

4  or (3) the appropriateness of class certification for any purposes other than Settlement. If the Settlement

5  Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for

6  any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without

7  prejudice to the status quo ante rights of the parties to this action.

8        IT IS SO ORDERED.

9

10  Dated: March 28, 2008

        LAWRENCE J. O'NEILL
        UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRUCE HUFFMAN and<br>SYGMUND N. WILLIAMS,<br>on behalf of themselves<br>and all others similarly situated,<br>    Plaintiffs<br><br>VS.<br><br><br>ZWICKER & ASSOCIATES, P.C.,<br>    Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:07-cv-01369-LJO-SMS |

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") in the above-captioned case between Plaintiffs Bruce Huffman and Sygmund N. Williams, individually, and on behalf of a Settlement Class of similarly situated persons and Defendant Zwicker & Associates, P.C., was reached after arms-length negotiations between counsel for all parties, and is entered into as of February 29, 2008.

### RECITALS:

A.    The Class Members are a class of individuals (as defined below) on whose behalf Plaintiffs filed a class action complaint in the above-styled and numbered cause.

B.    The Complaint in the class action alleges that Defendant violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*), and that such alleged violations render Defendant liable for statutory damages, costs, and reasonable attorneys' fees.

1

**CLASS ACTION SETTLEMENT AGREEMENT**

C.     Defendant denies the material allegations in Plaintiffs' Complaint, disputes both factually and legally that it is liable in any way to Plaintiffs or the Class they seek to represent, denies that its actions violated state or federal law in any manner, and asserts that even if Plaintiffs were to prevail, its maximum class liability is limited by 15 U.S.C. § 1692k(a)(2) to an amount which is less than three cents per class member, such that there could not ever be a meaningful distribution of money to class members. Nevertheless, Defendant concludes that the further conduct of this litigation by it would be protracted and expensive, and that it is desirable that this litigation be fully, finally and forever settled in the manner set forth in this Agreement. Defendant is therefore willing to enter into this Agreement to avoid the further expense and inconvenience of litigation and to buy peace and resolve and settle all claims which have been made or could be made against it by Plaintiffs and the Class arising out of the alleged statutory violations.

D.     Class Counsel (defined below) have considerable experience in handling class actions and consumer protection cases. Class Counsel have analyzed the facts and law relevant to this litigation, and they recognize the substantial expense and delay associated with the continued prosecution of this litigation against Defendant through trial and through appeals. Further, Class Counsel are mindful of the limitations on any possible recovery to the Class, even if they were to recover the maximum amount allowed by law, and they

2

**CLASS ACTION SETTLEMENT AGREEMENT**

recognize that protracted litigation is likely to serve the interests on no one except the attorneys in the case.

E.     Based on Class Counsel's extensive analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case there could not ever be a meaningful distribution to the Class Members, and pursuant to the advice of Class Counsel, Plaintiffs have determined that a settlement on the terms set forth herein is fair, adequate, and reasonable, and thus in the best interest of the Class.

F.     Based on the extensive analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case there could not ever be a distribution to the Class Members, Defendant believes that this settlement with the Class on the terms set forth below is fair, adequate, and reasonable.

G.     The Parties are desirous of entering into, and obtaining approval of this Agreement, pursuant to FED. R. CIV. P. 23, in order to fully and finally resolve all claims and disputes arising out of, or related to Plaintiffs' claims of violations of the FDCPA by Defendant or any of its officers, directors, shareholders, employees, agents, or representatives.

## ARTICLE I

### DEFINITIONS

When used in this Settlement Agreement, the following terms shall mean:

3

**CLASS ACTION SETTLEMENT AGREEMENT**

1.1    "AGREEMENT" means this Settlement Agreement in the above-styled and numbered cause.

1.2    "BUSINESS DAY" means any day on which national banks are open for the conduct of general business.

1.3    "CLASS" means a class conditionally certified for purposes of settlement only, and in accordance with the terms of this Agreement only, which is described as: all individuals in the United States, Puerto Rico, and Guam who, during the Class Period:

a.      received a telephone voice message from Defendant;

b.      in which Defendant failed to give the notice provided for in 15 U.S.C. § 1692e(11).

1.4    "CLASS COUNSEL" means Robert E. Schroth, Sr. and Robert E. Schroth, Jr.

1.5    "CLASS MEMBERS" means those persons who are a part of the Class.

1.6    "CLASS NOTICE" means the Court-approved notice, in a form substantially similar to that attached hereto as **Exhibit C**.

1.7    "CLASS PERIOD" means the period from September 20, 2006, to the date of preliminary certification.

1.8    "CONDITIONAL CERTIFICATION MOTION" is defined in Section 2.1(A) of this Agreement.

4

**CLASS ACTION SETTLEMENT AGREEMENT**

1.9   "CONDITIONAL CERTIFICATION ORDER" is defined in Section 2.1(A) of this Agreement.

1.10 "CONSUMMATION DATE" means the date upon which all obligations and duties of the Parties have been effectuated and the Agreement has been closed.

1.11 "COURT" means the United States District Court for the Eastern District of California.

1.12 "DEFENDANT" means Zwicker & Associates, P.C., and includes all officers, directors, shareholders, agents, employees, and insurers of Defendant.

1.13  "EFFECTIVE DATE" means the date that this Agreement is finally approved by the Court, and neither Defendant, Plaintiffs, nor Class Counsel have given notice of withdrawal as provided in Section 6.2.  This Agreement shall be finally approved only after the Court has entered the Final Order and Judgment, and the time for perfecting an appeal of such Final Order and Judgment has expired with no appeal taken; final dismissal of any appeal taken; or affirmance of the Final Order which is not subject to further review by any court with appellate jurisdiction over the Litigation.

1.14 "FAIRNESS HEARING" means the hearing to be conducted by the Court pursuant to FED. R. CIV. P. 23 to consider the fairness, adequacy, and reasonableness of the settlement reflected in this Agreement.

1.15 "FINAL ORDER AND JUDGMENT" means the final order and judgment to be entered by the Court approving this Agreement as fair,

5

**CLASS ACTION SETTLEMENT AGREEMENT**

adequate, and reasonable under FED. R. CIV. P. 23, confirming certification of the Class for settlement purposes only, enjoining future litigation by the Class Members, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, which shall be in substantially the same form as the attached **Exhibit D**.

1.16 "INITIAL NOTICE DATE" means: (1) the date that is thirty (30) days after the Preliminary Approval Date, by which date the Class Notice is to be published in a newspaper or magazine with a national distribution.

1.17 "LITIGATION" means the above-captioned case.

1.18 "PARTIES" means the Class Members (including Plaintiffs), Class Counsel and Defendant.

1.19 "PRELIMINARY APPROVAL DATE" means the date that the Court enters its order granting the Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement, in a form substantially similar to that attached hereto as **Exhibit B**.

1.20 "RELEASED CLAIMS" means:

      1.20.1    For Plaintiffs, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that they or their heirs, executors, administrators, successors, assigns, and attorneys may have against Defendant or any of its principals, members, subsidiaries, and

6

**CLASS ACTION SETTLEMENT AGREEMENT**

affiliate entities, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys as of the date of this Agreement, it being Bruce Huffman's and Sygmund N. Williams' intent to release all claims of any kind or nature, known or unknown, arising pursuant to contract, tort, common law, or regulation, that they may have against the parties herein released.

In connection with this release Plaintiffs expressly waive all rights under Section 1542 of the Civil Code of California and any similar law of any state or territory of the United States.  Said section reads as follows:

**1542.   Certain claims not affected by general release.   A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

1.20.2   For the Class, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees,

7

**CLASS ACTION SETTLEMENT AGREEMENT**

expenses, and compensation whatsoever that the Class or the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys could assert against Defendant or any of its principals, members, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys as a result of alleged violations of the Fair Debt Collection Practices Act or any state law providing substantially similar protections.

1.20.3   This Agreement and the settlement embodied herein shall not release any debts owed to Defendant's clients by Plaintiffs or the Class, nor shall this settlement operate as an accord and satisfaction of such debts.

**Article II**
**TERMS AND CONDITIONS OF THE SETTLEMENT**

Plaintiffs and Defendant agree to the following settlement, subject to the terms and conditions of this Agreement and the terms and conditions of the incorporated documents. The relief provided for under this Agreement is in full satisfaction of all of Defendant's liability for all Released Claims (as defined above) of Plaintiffs and all of the Class Members.

8

2.1   *Class Action Settlement Procedures*

A.      Plaintiffs and Defendant shall file a Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement with the Court (the "Conditional Certification Motion") seeking entry of an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (the "Conditional Certification Order") which would (1) certify, for settlement purposes only, a class of Plaintiffs in the class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; (2) preliminarily approve this Agreement, the proposed notice to the Class regarding the Settlement Motion and the relief sought thereby (the "Class Notice"); and (3) direct that the Class Notice be distributed to the Class in the manner described below.   The Conditional Certification Motion and the Conditional Certification Order shall be in a form substantially similar to those attached hereto and incorporated herein by reference as **Exhibits A** and **B**, respectively.  The Class Notice shall inform the Class of the nature of this litigation, the proposed settlement, and the right of Class Members to object, and shall be in a form substantially similar to that attached hereto and incorporated herein by reference as **Exhibit C**.  The Class notice shall be distributed solely by publication and shall be published once in a newspaper or magazine with a national distribution. Defendant agrees to support the entry by the Court of the Conditional Certification Order. Such certification, and Defendant's agreement to support such certification, shall be expressly conditioned upon the Court's approval of

9

**CLASS ACTION SETTLEMENT AGREEMENT**

the Final Order and Judgment. Furthermore, Plaintiffs and their attorneys will support the Settlement and will take no action inconsistent with such support.

B. The settlement shall be administered by Defendant (or, at Defendant's sole choice, an independent claims administrator). The cost of providing publication notice to the Class shall be borne by Defendant.

C. Plaintiffs and Defendant shall file a Joint Motion for Approval of the Final Order and Judgment (the "Final Settlement Motion") seeking the entry of the Final Order and Judgment, finally approving the Agreement following the Fairness Hearing before the Court. Among other things, the Final Order and Judgment shall include provisions which dismiss the Litigation with prejudice, approve the proposed relief to the Class, and grant the individual and class releases described in this Agreement.

D. Defendant's agreement to support the Preliminary and Final Settlement Motions, for purposes of this Agreement only, shall be without prejudice to any *status quo ante* defenses, rights, or positions in the Class Action. In the event this Agreement is not approved by the Court, or if approval of this Agreement, including the entry of the Conditional Certification Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions precedent set forth in Article V of this Agreement is not met or any termination right under Section 6.2 of this Agreement is exercised, then the Conditional Certification Order and the Final Order and Judgment, including,

**CLASS ACTION SETTLEMENT AGREEMENT**

but not limited to, the conditional class certification entered to effectuate this Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved without further order of the Court, null and void and of no force and effect, and in such event all *status quo ante* rights of Defendant to, among other things, (i) oppose any subsequent efforts by the Plaintiffs to certify this action as a class action, and (ii) all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiffs and the Settling Class. The Conditional Certification Order and the Final Order and Judgment shall so provide.

2.2    *The Class.* The Class is defined in Section 1.3 above. It is possible that some members of the Class may have filed bankruptcy proceedings during the Class Period. The orders presented to the Court shall address that issue.

2.3    *Settlement Consideration.* Subject to the terms of this Agreement, Defendant agrees to provide the following relief to Plaintiffs and the Class:

A.    Defendant shall pay to United Way as a *cy pres* distribution on behalf of the Class the total sum of $15,000.00. Prior to the final fairness hearing Defendant shall submit to the Court as a sealed exhibit affidavits as to its financial condition attesting to a net worth not in excess of $1,500,000.00, such that the limitation on class liability set forth in 15 U.S.C. § 1692k would be not more than $15,000.00.

11

**CLASS ACTION SETTLEMENT AGREEMENT**

B.    Defendant will also pay Plaintiffs for their individual claims for statutory damages the total amount of $1,000.00 each, as provided for in 15 U.S.C. § 1692k, and in consideration of Plaintiffs' service to the Class Defendant will pay to Plaintiffs an additional $1,000.00 each.

C.    Defendant shall bear the costs of class administration, and (subject to approval of the Court) pay the reasonable attorney's fees and expenses of Plaintiffs' attorneys in the amount of $35,000.00.

2.4    *No Opt-Out.*

Due to the limitations on class recovery set forth in 15 U.S.C. § 1692k(a)(2) and the fact that there could not be a distribution to Class Members of even three cents each, Class Members may not opt out of the Class.

2.5    *Class Members' Release and Exclusive Remedy.*

A.    Upon entry of the Final Order and Judgment, each Class Member, including the Plaintiffs, on behalf of such Class Members and of any person claiming by or through each such Class Member as heir, administrator, devisee, predecessor, successor, representative of any kind, or assignee shall be deemed to release and forever discharge Defendant and all of its principals, members, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees,

12

**CLASS ACTION SETTLEMENT AGREEMENT**

agents, representatives, successors, assigns, insurance carriers, clients, and attorneys (the "Released Persons"), from any and all of the Released Claims.

B.     The relief described herein is the exclusive method of recovery and exclusive remedy for all Class Members for any and all of the Released Claims, and shall be in lieu of any other remedy or right of action against the Released Persons for the Released Claims. Accordingly, the Released Persons shall not be subject to liability of any kind to any Class Member with respect to any of the Released Claims, other than as set forth in this Agreement.

C.     Each Class Member, upon the Court's entry of a Final Order and Judgment, shall be enjoined by that Order from instituting or maintaining any action for the Released Claims against the Released Persons.   The Court's Final Order and Judgment shall enjoin such actions for the Released Claims.  The Court shall retain jurisdiction over the administration of this Agreement and may use its equitable powers to enforce this Agreement.

2.6     *Bar of Contribution Claims by Non-Defendants.*  The proposed Final Order and Judgment shall provide that all claims for contribution, indemnification or reimbursement, however denominated, against Defendant arising under state or federal law, including those based in tort, contract or statute or any other body of law, in favor of persons, including any non-

**CLASS ACTION SETTLEMENT AGREEMENT**

released persons who are asserted to be or who may be joint tortfeasors or wrongdoers with Defendant shall be extinguished, discharged, satisfied, barred and enjoined. However, at Defendant's sole option, the Court's refusal to grant such relief shall not impair the remaining terms of the settlement embodied herein.

2.7    *Class Counsel's Attorney's Fees and Expenses.* Class Counsel will seek from the Court an award of their reasonable attorney's fees and costs. Should the Court approve a lesser amount of fees and costs, such approval shall not be a basis for any party to withdraw from the settlement. Regardless of the amount approved by the Court, in no event will Defendant pay to Class Counsel fees and expenses in excess of $35,000.00.

2.8    *Attorney's Fees of Individual Class Members.* Any Class Member or other person may be represented by counsel of his or her choice, but all fees and expenses of such counsel, if other than Class Counsel paid under Section 2.8 hereof, shall be paid by the Class Member or other person.

2.9    *No Admission of Liability by Defendant.* The parties and their attorneys stipulate that this Agreement does not constitute an admission by Defendant that any claim or fact alleged by any party in the Class Action is true or correct, and Defendant expressly denies any liability or wrongdoing whatsoever in connection with matters which are the subject of the Class Action.

2.10    *Objection Period for Class Members.*

14

**CLASS ACTION SETTLEMENT AGREEMENT**

A.     Class Members, or any other person, shall notify the Court, Class Counsel and counsel for Defendant, in writing, of their intent to object to one or more of the terms of this Agreement or the Conditional Certification Order.

B.     Subject to Court approval, the Conditional Certification Order will require that such notice of objections shall include:

      (1)    a statement of each objection being made;

      (2)    a detailed description of the facts underlying each objection;

      (3)    a detailed description of the legal authorities underlying each objection;

      (4)    a statement of whether the objector intends to appear at the Fairness Hearing;

      (5)    a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and

      (6)    a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

C.     Subject to Court approval the Conditional Certification Order shall further provide: Class Members, and all other interested persons shall file such notice of objections with the Court and serve such notice of objections upon Class Counsel and counsel for Defendant at the addresses set forth in Section 6.7 no later than a date which is at least three (3) weeks prior to the final Fairness Hearing.  Unless otherwise

15

agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections.

## ARTICLE III

### REPRESENTATIONS AND WARRANTIES

3.1    *Representations and Class Counsel's Warranties.*  Class Counsel represent and warrant that they believe the settlement set forth in this Agreement is in the best interest of the class.  However, such representations shall not constitute the giving of legal advice to Defendant, which stipulates it is relying on the legal advice of its own attorneys in deciding whether to enter into this settlement.

3.2    *Representations and Warranties of the Plaintiffs.*    Plaintiffs represent and warrant as follows:

A.    that on the date of execution of this Agreement they are the owner of the individual claims asserted in the Lawsuit, they have not assigned, pledged (except to their attorneys), sold or otherwise transferred such claims (or an interest in such claims), and that on the Effective Date, they will own such claims free and clear of any and all liens, claims, charges, security interests or other

16

**CLASS ACTION SETTLEMENT AGREEMENT**

encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

B.     that this Agreement does not constitute an admission by Defendant that any claim or fact alleged by any party in the Class Action is true or correct, and Defendant has always and consistently expressly denied any liability or wrongdoing whatsoever in connection with matters which are the subject of the Class Action.

## ARTICLE IV

### CONDITIONS TO CLOSING

5.1     *Conditions.* The foregoing agreements of Plaintiffs and Defendant are subject to the accuracy of the representations and warranties contained in this Agreement and to the performance by the parties hereto of their obligations under this Agreement in all material respects. Additionally, Defendant's obligation to provide the class relief described herein and to proceed with closing shall be subject to the satisfaction of each of the following conditions to closing on or prior to the Consummation Date (unless such conditions are waived by Defendant):

A.     the Effective Date shall have occurred;

B.     the Court shall have approved and signed a Final Judgment in substantially the same form as the attached *Exhibit D* that includes a release of all of the Released Claims;

17

**CLASS ACTION SETTLEMENT AGREEMENT**

C.     Defendant and Plaintiffs shall have been furnished with such additional documents as may be reasonably required in order to implement the transactions contemplated by this Agreement; and

D.     the representations and warranties contained in Article III of this Agreement shall be true and correct as of the date of execution of this Agreement.

### ARTICLE V

### MISCELLANEOUS PROVISIONS

6.1     *Appeals.* In the event that an appeal is taken by a Class Member or any other person from the Conditional Certification Order or the Order Granting Preliminary Approval of the Settlement or the Final Order and Judgment, the parties to this Agreement agree to support the position on such appeal that the order or orders appealed from should be affirmed in its or their entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, shall prejudice the rights of Plaintiffs, Class Counsel, or Defendant to appeal from any order of the Court that is inconsistent with the orders contemplated by this Agreement.

6.2     *Termination.* This Agreement shall be terminable by Defendant upon five (5) Business Days written notice in the event that any of the terms, conditions, or representations of the Agreement are not adhered to by the Court or by the Plaintiffs or Class Counsel. If this Agreement is terminated, Plaintiffs, Defendant, and each of the Class Members shall be deemed to be in the same position as existed prior to its execution, with the same *status quo ante* rights and interests as they may have had absent the entry by Defendant

18

**CLASS ACTION SETTLEMENT AGREEMENT**

and Plaintiffs into these settlement discussions, and this Agreement and all other understandings and agreements between the parties and their respective counsel relating to the settlement, shall be deemed to be null and void and of no force and effect.  In that event, the parties will jointly notify the Court of the need to decide Plaintiffs' Motion for Class Certification as a contested motion.

6.3     *Distribution of Settlement Funds.*  Subject to Approval of the Court, the settlement funds will be distributed as follows:

A.     Within ten (10) days after a judgment by the Court approving the Settlement becomes final, checks representing the distribution due to Plaintiffs and Class Counsel described above will be sent by Defendant (or, at Defendant's sole discretion, its designated claims administrator).

B.     Within thirty (30) days after a judgment by the Court approving the Settlement becomes final, a check representing the *cy pres* distribution on behalf of the Class will be sent by Defendant (or, at Defendant's sole discretion, its designated claims administrator) to United Way.

6.4     *No Admission.*  The Parties and their attorneys stipulate that this Agreement is a compromise of disputed claims, and that this Agreement is entered into without admitting any liability, which liability is expressly denied, and without agreement by any Party to any of the allegations made by another Party.  The Parties and their attorneys further stipulate that nothing contained

**CLASS ACTION SETTLEMENT AGREEMENT**

in this Agreement, the supporting documents, or the negotiations leading up to this Agreement shall be construed as an admission of liability or wrongdoing of any kind, or -- in the event that this Agreement is terminated -- as a waiver of any claim or defense that Defendant or Plaintiffs may have in the Litigation, nor of Plaintiffs' right to seek class certification on a contested basis, nor of Defendant's right to oppose such certification.

6.5 *Entire Agreement.* This Agreement, including all referenced Exhibits, is the entire agreement of the Parties. All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

6.6 *Modification.* No modification of this Agreement may be made, except by written agreement executed by Plaintiffs, Class Counsel, and Defendant, and approved by the Court.

6.7 *Notices.* All notices between and to Class Counsel and Defendant required under this Agreement shall be sent by first class U.S. mail, by hand delivery, or by facsimile, to the recipient designated in this Agreement. The timeliness of all submissions and notices shall be measured by the date that is three (3) days after the date of the postmark (if sent by mail), or by the date of receipt (if hand delivered or sent by facsimile). The persons designated to receive notice are as follows:

20

**CLASS ACTION SETTLEMENT AGREEMENT**

Robert E. Schroth Sr.
Robert E. Schroth Jr.
Schroth & Schroth
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-7521
Facsimile, (619) 233-4516

CLASS COUNSEL

and:

Raymond Lee, Esq.
Zwicker & Associates P.C.
199 South Los Robles Ave.
Suite # 410
Pasadena, CA 91101
626-793-9703, Ext. 230
626-793-9458 fax

ATTORNEY FOR DEFENDANT

6.8    *Execution in Counterparts.* This Agreement may be executed in any number of counterparts and each of which when so executed shall be deemed an original and all of which taken together shall constitute one and the same Agreement.

6.9    *Applicable Law.* This Agreement shall be governed by and shall be construed and enforced in accordance with the laws of the United States and the State of California without regard to any conflict of law provision in said laws of the State of California that might otherwise require the application of the laws of a jurisdiction other than that of the State of California to the performance, validity, construction, or enforcement of this Agreement.

21

**CLASS ACTION SETTLEMENT AGREEMENT**

6.10 *Headings.* Article and Section headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

6.11 *Benefit of Agreement.* The Agreement shall be binding upon and inure to the benefit of the parties hereto, the Class Members, the Released Persons, and their respective successors, heirs, and assigns. Nothing in this Agreement is intended or shall be construed to give any other person or corporation any legal or equitable right, remedy or claim under or in respect to this Agreement or any provision herein entered.

6.12 *Place of Performance.* This Agreement shall be performed in the Eastern District of California.

6.13 *Best Efforts.* All signatories to this Agreement and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

6.14 *Parties Are Equal Drafters.* The parties shall be deemed to have drafted this agreement equally, and the settlement documents shall not be construed strictly against Plaintiffs or Defendant.

Dated: February 29, 2008.

Bruce Huffman,
individually and on behalf
of all others similarly situated

22

**CLASS ACTION SETTLEMENT AGREEMENT**

1

Sygmund N. Williams,
2  individually and on behalf
3  of all others similarly situated

4

5  Zwicker & Associates, P.C.

6

   _____
7  By: _____,
   Title:_____
8

9  Plaintiffs' Attorney:

10

   _____
11 ROBERT E. SCHROTH SR, ESQ. (SBN 103063)
   ROBERT E. SCHROTH JR, ESQ. (SBN 212936)
12 SCHROTH & SCHROTH
13 2044 First Avenue, Suite 200
   San Diego, CA 92101-2079
14 Telephone: (619) 233-7521
   Facsimile, (619) 233-4516
15

16
   Defendant's Attorney:
17

18 _____
19 Raymond Lee, Esq.
   Zwicker & Associates P.C.
20 199 South Los Robles Ave.
   Suite # 410
21 Pasadena, CA 91101
   626-793-9703, Ext. 230
22 626-793-9458 fax
23 RLee@zwickerpc.com

24

25

26

27

28
                          23

              **CLASS ACTION SETTLEMENT AGREEMENT**

Sygmund N. Williams,
individually and on behalf
of all others similarly situated

Zwicker & Associates, P.C.

By: Robert W. Thuotte, Esq.
Title: Vice President
Corporate Counsel

Plaintiffs' Attorney:

ROBERT E. SCHROTH SR, ESQ. (SBN 103063)
ROBERT E. SCHROTH JR, ESQ. (SBN 212936)
SCHROTH & SCHROTH
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-7521
Facsimile, (619) 233-4516

Defendant's Attorney:

Raymond Lee, Esq.
Zwicker & Associates P.C.
199 South Los Robles Ave.
Suite # 410
Pasadena, CA 91101
626-793-9703, Ext. 230
626-793-9458 fax
RLee@zwickerpc.com

23

**CLASS ACTION SETTLEMENT AGREEMENT**

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE HUFFMAN and | § |
| SYGMUND N. WILLIAMS, | § |
| on behalf of themselves | § |
| and all others similarly situated, | § |
| Plaintiffs | § |
| | § |
| VS. | §   Case No. 1:07-cv-01369-LJO-SMS |
| | § |
| | § |
| ZWICKER & ASSOCIATES, P.C., | § |
| Defendant | § |

## NOTICE OF CLASS ACTION

**TO:   ALL RESIDENTS OF THE UNITED STATES, PUERTO RICO, AND GUAM WHO RECEIVED A TELEPHONE VOICE MESSAGE FROM ZWICKER & ASSOCIATES, P.C.. BETWEEN SEPTEMBER 20, 2006, AND _____, 2008.**

**NOTICE IS HEREBY GIVEN THAT,** pursuant to the Order of the United States District Court for the Eastern District of California, (the "Court"), dated _____, 2008, it was determined that the above-captioned lawsuit may be settled on behalf of a Class of plaintiffs (the "Class") pursuant to Fed. R. Civ. P. 23) and defined as follows:

All individuals in the United States, Puerto Rico, and Guam who, during the period from September 20, 2006 through _____, 2008:

a.      received a telephone voice message from Defendant;
b.      in which Defendant did not give the notice provided for in 15 U.S.C. § 1692e(11).

## A. Summary of the Litigation

Plaintiffs Bruce Huffman and Sygmund N. Williams each received a telephone voice message from Defendant Zwicker & Associates, P.C. in connection with its efforts to collect Plaintiffs' consumer debts. Plaintiffs allege that in such message Defendant failed to give the notice provided for in 15 U.S.C. § 1692e(11), the Fair Debt Collection Practices Act ("FDCPA"). It is not alleged that such failure caused or was capable of causing any actual damages.

Defendant denies that it has any liability to Plaintiffs or the Class, but has agreed to settle this case based on the likely high cost of protracted litigation. The FDCPA provides for the recovery of actual and statutory damages as well as payment of costs

1

and reasonable attorneys' fees to a successful plaintiff. The lawsuit seeks only statutory damages, and the maximum amount of statutory damages recoverable in this class action under the FDCPA is limited to the lesser 1% of Defendant's net worth.  Even if the Court were to award the maximum amount allowed by law such an amount such amount would less than three cents per class member.

For a complete statement of all the contentions and proceedings in this case, you should consult the files relating to this lawsuit, which are available for your inspection at the office of the Clerk of the United States District Court for the Eastern District of California, United States Courthouse, 2500 Tulare Street, Fresno, CA 93721.

## B. Certification of the Class

The Class was conditionally certified, pursuant to Fed. R. Civ. P. 23(b)(3), as a class action.  The Court has appointed Plaintiffs Bruce Huffman and Sygmund N. Williams as the representative of the Class, and his attorneys Robert E. Schroth, Sr. and Robert E. Schroth, Jr. as Counsel for the Class.

## C. Settlement of the Lawsuit

Under the terms of the proposed settlement Defendant has agreed to provide the following relief to Plaintiffs and the Class:

A.   Defendant shall pay to United Way as a cy pres distribution on behalf of the Class the total sum of $15,000.00.

B.   Defendant will also pay Plaintiffs for their individual claims for statutory damages the total amount of $1,000 each, as provided for in 15 U.S.C. § 1692k, and in consideration of Plaintiffs' service to the Class Defendant will enter pay to Plaintiffs an additional $1,000 each..

C.   Defendant shall bear the costs of class administration, and (subject to approval of the Court) pay the reasonable attorney's fees and expenses of Plaintiffs' attorneys in the amount of $35,000.00.

Upon final approval of the settlement the Court will enter a judgment dismissing the lawsuit with prejudice and releasing Defendant of all liability to Plaintiffs and the Class for the Released Claims.  Class Counsel believes that the proposed settlement is fair, reasonable, adequate, and in the best interests of the Class.

## D. Objections

This is a no opt-out class.  You have the right to object to the proposed settlement by filing and serving a written objection.  Your objection must state your name, address, the case name and number, and the information described below.  You or your attorney must sign your objection personally.  You must mail your objection, postmarked on or before _____, 2008, to the following address:

Clerk of the United States District Court
for the Eastern District of California
United States Courthouse
2500 Tulare Street
Fresno, CA 93721225

You must also mail a copy of any opt-out or objection, postmarked on or before
_____, 2008, to Class Counsel and Counsel for Defendant at the following
addresses:

Robert E. Schroth Sr.
Robert E. Schroth Jr.
Schroth & Schroth
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
CLASS COUNSEL

and:

Raymond Lee, Esq.
Zwicker & Associates P.C.
199 South Los Robles Ave.
Suite # 410
Pasadena, CA 91101
ATTORNEY FOR DEFENDANT

No member of the Class, or any other person, will be heard at the Fairness Hearing in opposition to class certification, the Class Settlement, Class Counsel's proposed attorneys' fees and expenses, or the proposed payments to Class Representative unless not later than 5:00 p.m. on _____, 2008, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Defendant's Counsel the following: (i) a statement of each objection being made; (ii) a detailed description of the facts underlying each objection; (iii) a detailed description of the legal authorities underlying each objection; (iv) a statement of whether the objector intends to appear at the Fairness Hearing; (v) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing, together with a summary of each witness' anticipated testimony; and (vi) a list of exhibits which the objector may offer during the Fairness Hearing, together with true copies of all of the exhibits.

Class Members and any other persons who fail to file their notices and objections properly or timely with the Court Clerk, or fail to serve such notices and objections on Class Counsel and Defendant's Counsel timely will not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and Defendant's Counsel by certified mail, hand-delivery, or facsimile transmission. No objection shall be heard by the Court which: (a) does not comply with these requirements; (b) is not timely filed with the Court; or (c) is not timely served on listed counsel.

3

Until the Fairness Hearing described above, or further order of the Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use telephone voice messages that do not include the notice provided for by 15 U.S.C. § 1692e(11).

NOTICE IS HEREBY GIVEN THAT a hearing will be held before the Honorable Lawrence J. O'Neill, United States District Judge for the Eastern District of California, on _____ 2008, at _____ __.m., at the United States Courthouse, 2500 Tulare Street, Fresno, CA 93721. This hearing will be held to determine if the proposed settlement is fair, reasonable, and adequate and should be approved and the lawsuit dismissed with prejudice.  If the proposed settlement is approved, it will be binding and will release Defendant from any and all claims that were asserted or could have been asserted by any of the Class Members.

Questions concerning this class action litigation should be directed to Class Counsel at the addresses above.

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK.**