IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

FILED
JUN 3 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

BRUCE HUFFMAN and SYGMUND N. WILLIAMS, on behalf of themselves and all others similarly situated,
Plaintiffs

VS.

ZWICKER & ASSOCIATES, P.C.,
Defendant

Case No. 1:07-cv-01369-LJO-SMS

**ORDER MODIFYING DATES**

Pursuant to the Joint Notice of Motion filed on March 12, 2008, the parties in this class action reached a proposed settlement and sought preliminary approval of the proposed Class Action Settlement Agreement and the Notice of Class Action Settlement. The motion came on for hearing on March 27, 2008 at 8:30 a.m. in Courtroom 4 of this Court. Plaintiffs, individually and on behalf of all others similarly situated (collectively "plaintiffs"), appeared by telephone by counsel Robert E. Schroth Sr., of Schroth & Schroth. Defendant Zwicker & Associates, P.C. appeared by telephone by counsel Manuel Newburger, of Barron, Newburger, Sinsley and Wier. After considering the Motion and supporting papers, the Agreement and the Exhibits attached thereto, the Court issued an Order on Preliminary Approval of Class Action Settlement dated March 28, 2008 (Docket Entry 16). This order incorporates Docket Entry 16 by reference.

I. This also Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") and all terms defined therein shall have the same meaning in this Order as set forth therein. The Agreement is attached to Docket Entry 16, as Exhibit A, and is incorporated herein by reference.

2. Due to a miscommunication in its offices Defendant did not publish the class notice by the deadline set by the Court. Rather than publish in an untimely manner Defendant notified the Court of its error and requested a modification of the dates provided for in Docket Entry 16. The Court finds that the parties are in agreement as to such request and that under the circumstances Defendant's request should be granted. Docket Entry 16 is therefore modified as follows:

3. A hearing ("Fairness Hearing") shall be held before this Court on August 28, 2008 at 8:15 a.m. in Courtroom 4 in the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Action on the terms and conditions provided is fair, adequate, and reasonable, and should be finally approved by the Court; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the settlement should be approved as fair, adequate, and reasonable to the Class Members; whether the Court should finally approve a statutory enhancement payment for Mr. Bruce Huffman and Mr. Sygmund N. Williams and the amount of attorney fees and costs to be awarded Class Counsel, Robert E. Schroth Sr. and Robert E. Schroth Jr., of Schroth & Schroth.

4. The Court hereby approves, as to form and content, the proposed "Notice of Class Action" ("Notice;" attached hereto as Exhibit "A"). The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Agreement meets the requirement of due process under Federal Rule of Civil Procedure 23(e); and that such Notice is the best practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Court further

finds that in light of the size of the class, the limitations on Defendant's liability set forth in 15 U.S.C. § 1692k and that even the maximum statutory penalty would yield pennies to each class member, that publication notice is an appropriate method of giving notice to the Class of the terms of the settlement and their right to object. The Court also finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the class, the right to object and the proposed settlement and its terms.

7. Class Notice, the form of which is attached hereto as Exhibit B, shall be given by Defendant or its designated claim administrator to the settlement Class by causing the notice to be published in a newspaper or magazine with a national distribution. Such publication shall take place no later than June 20, 2008.

8. No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representatives' award unless not later than 5:00 p.m. on August 15, 2008, such Class Member or other person files with the Clerk of the Court and serves upon counsel listed below an objection containing, at a minimum, the following information: (D a statement of each objection being made, which shall contain a detailed description of the facts underlying each objection and a detailed description of the legal authorities underlying such objection; (ii) a statement of whether the objector intends to appear at the Fairness Hearing; (iii) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and (iv) a list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

9. Class Members, or any other persons objecting to the proposed settlement, shall file any such notices and objections with the Court and serve their notice of objections upon Class Counsel and counsel for Defendant no later than August 15, 2008. Class Members, or any other person, who fail to properly or timely file their notices and objections with the Court, or fail to timely serve such notices and objections on Class Counsel and Counsel for Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and Counsel for Defendant by certified mail, hand-delivery, or facsimile transmission. Counsel for Defendant is Manuel Newburger, Barron, Newburger, Sinsley and Wier, 1212 Guadalupe, Suite 102, Austin, TX 78701 and Raymond Lee, Zwicker & Associates, 199 South Los Robles Ave., Suite # 410, Pasadena, CA 91101. No objection shall be heard by the Court which does not comply with these requirements, which is not timely filed with the Court, or which is not timely served on listed counsel.

10. All other provisions of Docket entry 16 remain in full force and effect.

IT IS SO ORDERED.

Dated: June 3, 2008

HON. LAWRENCE J. O'NEILL
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRUCE HUFFMAN and SYGMUND N. WILLIAMS, on behalf of themselves and all others similarly situated, Plaintiffs | § | |
| VS. | § | Case No. 1:07-cv-01369-LJO-SMS |
| ZWICKER & ASSOCIATES, P.C., Defendant | § | |

**NOTICE OF CLASS ACTION**

**TO: ALL RESIDENTS OF THE UNITED STATES, PUERTO RICO, AND GUAM WHO RECEIVED A TELEPHONE VOICE MESSAGE FROM ZWICKER & ASSOCIATES, P.C.. BETWEEN SEPTEMBER 20, 2006, AND MARCH 28, 2008.**

**NOTICE IS HEREBY GIVEN THAT**, pursuant to the Order of the United States District Court for the Eastern District of California, (the "Court"), dated March 28, 2008, it was determined that the above-captioned lawsuit may be settled on behalf of a Class of plaintiffs (the "Class") pursuant to Fed. R. Civ. P. 23) and defined as follows:

All individuals in the United States, Puerto Rico, and Guam who, during the period from September 20, 2006 through March 28 2008:

a. received a telephone voice message from Defendant;
b. in which Defendant did not give the notice provided for in 15 U.S.C. § 1692e(11).

## A. Summary of the Litigation

Plaintiffs Bruce Huffman and Sygmund N. Williams each received a telephone voice message from Defendant Zwicker & Associates, P.C. in connection with its efforts to collect Plaintiffs' consumer debts. Plaintiffs allege that in such message Defendant failed to give the notice provided for in 15 U.S.C. § 1692e(11), the Fair Debt Collection Practices Act ("FDCPA"). It is not alleged that such failure caused or was capable of causing any actual damages.

Defendant denies that it has any liability to Plaintiffs or the Class, but has agreed to settle this case based on the likely high cost of protracted litigation. The FDCPA

provides for the recovery of actual and statutory damages as well as payment of costs and reasonable attorneys' fees to a successful plaintiff. The lawsuit seeks only statutory damages, and the maximum amount of statutory damages recoverable in this class action under the FDCPA is limited to the lesser 1% of Defendant's net worth. Even if the Court were to award the maximum amount allowed by law such an amount such amount would less than three cents per class member.

For a complete statement of all the contentions and proceedings in this case, you should consult the files relating to this lawsuit, which are available for your inspection at the office of the Clerk of the United States District Court for the Eastern District of California, United States Courthouse, 2500 Tulare Street, Fresno, CA 93721.

## B. Certification of the Class

The Class was conditionally certified, pursuant to Fed. R. Civ. P. 23(b)(3), as a class action. The Court has appointed Plaintiffs Bruce Huffman and Sygmund N. Williams as the representative of the Class, and his attorneys Robert E. Schroth, Sr. and Robert E. Schroth, Jr. as Counsel for the Class.

## C. Settlement of the Lawsuit

Under the terms of the proposed settlement Defendant has agreed to provide the following relief to Plaintiffs and the Class:

A. Defendant shall pay to United Way as a cy pres distribution on behalf of the Class the total sum of $15,000.00.

B. Defendant will also pay Plaintiffs for their individual claims for statutory damages the total amount of $1,000 each, as provided for in 15 U.S.C. § 1692k, and in consideration of Plaintiffs' service to the Class Defendant will enter pay to Plaintiffs an additional $1,000 each..

C. Defendant shall bear the costs of class administration, and (subject to approval of the Court) pay the reasonable attorney's fees and expenses of Plaintiffs' attorneys in the amount of $35,000.00.

Upon final approval of the settlement the Court will enter a judgment dismissing the lawsuit with prejudice and releasing Defendant of all liability to Plaintiffs and the Class for the Released Claims. Class Counsel believes that the proposed settlement is fair, reasonable, adequate, and in the best interests of the Class.

## D. Objections

This is a no opt-out class. You have the right to object to the proposed settlement by filing and serving a written objection. Your objection must state your name, address, the case name and number, and the information described below. You or your attorney must sign your objection personally. You must mail your objection, postmarked on or before August 15, 2008, to the following address:

Clerk of the United States District Court
for the Eastern District of California
United States Courthouse
2500 Tulare Street
Fresno, CA 93721225

You must also mail a copy of any objection, postmarked on or before August 15, 2008, to Class Counsel and Counsel for Defendant at the following addresses:

Robert E. Schroth Sr.
Robert E. Schroth Jr.
Schroth & Schroth
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
CLASS COUNSEL

and:

Raymond Lee, Esq.
Zwicker & Associates P.C.
199 South Los Robles Ave.
Suite # 410
Pasadena, CA 91101
ATTORNEY FOR DEFENDANT

No member of the Class, or any other person, will be heard at the Fairness Hearing in opposition to class certification, the Class Settlement, Class Counsel's proposed attorneys' fees and expenses, or the proposed payments to Class Representative unless not later than 5:00 p.m. on August 15, 2008, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Defendant's Counsel the following: (i) a statement of each objection being made; (ii) a detailed description of the facts underlying each objection; (iii) a detailed description of the legal authorities underlying each objection; (iv) a statement of whether the objector intends to appear at the Fairness Hearing; (v) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing, together with a summary of each witness' anticipated testimony; and (vi) a list of exhibits which the objector may offer during the Fairness Hearing, together with true copies of all of the exhibits.

Class Members and any other persons who fail to file their notices and objections properly or timely with the Court Clerk, or fail to serve such notices and objections on Class Counsel and Defendant's Counsel timely will not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and Defendant's Counsel by certified mail, hand-delivery, or facsimile transmission. No objection shall be heard by the Court which: (a) does not comply with these requirements; (b) is not timely filed with the Court; or (c) is not timely served on listed counsel.

Until the Fairness Hearing described above, or further order of the Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use telephone voice messages that do not include the notice provided for by 15 U.S.C. § 1692e(11).

NOTICE IS HEREBY GIVEN THAT a hearing will be held before the Honorable Lawrence J. O'Neill, United States District Judge for the Eastern District of California, on August 28 2008, at 8:15 a.m. in Courtroom 4 of the United States Courthouse, 2500 Tulare Street, Fresno, CA 93721. This hearing will be held to determine if the proposed settlement is fair, reasonable, and adequate and should be approved and the lawsuit dismissed with prejudice. If the proposed settlement is approved, it will be binding and will release Defendant from any and all claims that were asserted or could have been asserted by any of the Class Members.

Questions concerning this class action litigation should be directed to Class Counsel at the addresses above.

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK.**

ENTER:

**HON. LAWRENCE J. O'NEILL**
**UNITED STATES DISTRICT JUDGE**

DATED: June 3, 2008